UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN GLEN SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0343-B |
| | § | |
| RICK THALER, Director, TDCJ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Steven Glen Smith's Motion to Alter or Amend District Court's Judgment ("Motion to Amend") (doc. 32), filed pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. At issue is whether this Court, in overruling Petitioner's objections and adopting the Magistrate Judge's recommendation that Petitioner's application for habeas relief be denied, committed a manifest error of law. Having considered the pleadings, the Court finds no such error and **DENIES** the Motion to Amend.

### I.

### BACKGROUND

On February 19, 2010, Petitioner Steven Glen Smith filed a Petition for Writ of Habeas Corpus ("Petition") (doc. 1) challenging a state judgment of conviction and sentence pursuant to 28 U.S.C. §§ 2241, 2254. Petitioner maintained that he had received ineffective assistance of counsel at trial and on appeal and that the state statute under which he was convicted was unconstitutional. On September 7, 2011, after Respondent answered the Petition, Magistrate Judge Toliver entered her Findings, Conclusions and Recommendation ("F&R") (doc. 22), in which she recommended

that the Petition be denied. On September 29, 2011, Petitioner filed a Response (doc. 29) and objections to the Magistrate Judge's F&R . On October 20, 2011, this Court overruled Petitioner's objections, accepted Judge Toliver's F&R, and entered final judgment denying the federal petition.

On November 1, 2011, Petitioner filed the instant Motion to Amend (doc. 32) pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. Pet'r's Mot. Am. 1.  In it, Petitioner argues that this Court committed a manifest error of law in adopting the F&R and denying his claim that he received ineffective assistance of counsel at the state appellate level. *Id.* at 2. According to Petitioner, his state appellate counsel erred in failing to raise several non-frivolous issues on appeal, opting instead to file an *Anders* brief. *Id.* at 5-6. Petitioner specifically urges, for purposes of his Rule 59(e) motion, that his appellate counsel should have appealed the following issues: sufficiency of the evidence to support his conviction; the constitutionality of the state statute under which he was convicted[1]; and that the trial court erred in sustaining the state's objection to Smith's trial counsel's argument that Smith was not a clergyman. *Id*. at 8-15.[2] Petitioner further denounces what he describes as an "unfair" manner of handling his state habeas application by the Texas Court of Criminal Appeals ("CCA"). *Id.* at 4-5. He cites the "unfair" state appeals process as further support

---

[1] At the hearing on Petitioner's Motion to Amend, counsel for Petitioner indicated that he was no longer including, as part of his request for Rule 59(e) relief, his claim that Petitioner received ineffective assistance of appellate counsel when appellate counsel failed to raise the issue of the unconstitutionality of the statute of conviction. To the extent the Court's understanding of counsel's position on this is incorrect, the Court otherwise finds that Petitioner has failed to establish his entitlement to Rule 59(e) relief on this basis for the same reasons relied upon by the Magistrate Judge.

[2] In various portions of his Motion to Amend, Petitioner appears to expand the grounds for his motion beyond his claim of ineffective assistance of appellate counsel. For example, he re-urges his multiple grounds for objecting to the Magistrate Judge's recommendations. Pet'r's Mot. Am. 6-9. Nonetheless, because the purpose for a Rule 59(e) motion is *not* to rehash previously unsuccessful legal theories or arguments, the Court declines to address any issue but Petitioner's claim that his claim that he is entitled to Rule 59(e) relief because he received ineffective assistance of appellate counsel.

for granting his Rule 59(e) motion. *Id.* On November 9, 2011, pursuant to Local Rule 7.1(e), Respondent filed a Response in Opposition of the Motion to Amend (doc. 34). Petitioner filed a Reply Brief (doc. 35) on November 21, 2011. The Motion to Amend is ripe for review.

## II.

## LEGAL STANDARD

A.  *Standards of Review*

    i.  <u>Rule 59(e)</u>

Litigants may seek amendment of a court's judgment by filing a motion to alter or amend under FED. R. CIV. P. 59(e) (hereinafter, "Rule 59(e)"). There are only three grounds for amending a judgment pursuant to Rule 59(e): (1) correction of a manifest error of law, (2) accounting for newly discovered evidence, or (3) accommodating an intervening change in controlling law. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Sanders v. Bell Helicopter Textron, Inc.*, 4:04-CV-254-Y, 2005 WL 6090228, at *1 (N.D.Tex. Oct. 25, 2005). Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders*, 2005 WL 6090228, at *1; *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment"). The Rule 59(e) remedy is extraordinary, and should be used sparingly. *Templet*, 367 F.3d at 479; *Sanders*, 2005 WL 6090228, at *1. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 WL 6090228, at *1 (quoting *S. Constructors Grp, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th

Cir. 1993)). Under the circumstances presented, the Court has determined that Petitioner's Rule 59(e) motion rests upon solely upon the first ground – a manifest error of law.

      ii.      *Strickland* Standards Applied to Appellate Counsel

In *Strickland v. Washington,* the Supreme Court held that, to succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and that counsel's errors prejudiced the defense to the extent that the petitioner was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The *Strickland* Court emphasized that a defendant cannot prevail on a claim of ineffective assistance of counsel by demonstrating that counsel's blunders merely "had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, *Strickland* requires that a defendant claiming ineffective assistance must "affirmatively prove prejudice." *Id. Strickland* further stressed that reviewing courts should preserve the strong presumption of effectiveness in applying the *Strickland* test. *Id.* at 686-89.

As applied to *appellate* counsel, the first prong of the *Strickland* test requires a showing that a reasonably competent attorney would have found that at least one of a petitioner's claims presented a non-frivolous issue. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). However, even if a petitioner can make such a showing, he must then demonstrate prejudice by proving that there is "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal."[3] *Id.* In fact, the Court need not address the performance component of the

---

[3] Petitioner's counsel takes issue with the Magistrate Judge's position that an appellate counsel's failure to raise an issue on appeal will only constitute prejudice under *Strickland* upon a showing that but for counsel's omission, the petitioner would have prevailed on appeal. Pet'r's Mot. Am. 17. Instead, Petitioner's counsel maintains, prejudice is established under *Strickland* if the petitioner establishes that the outcome of the appeal – due to appellate counsel's errors – is not worthy of confidence. *Id.* The Court disagrees with Petitioner's counsel's position that the Magistrate Judge's statement of the law is incorrect, finding the difference more one of semantics than substance. *See United States v. Phillips*, 210 F.3d 345,

*Strickland* analysis if it is easier to dispose of an ineffectiveness claim due to lack of prejudice. *Id.* at 286 n.1.

    iii.    <u>AEDPA Deference – Effect on *Strickland* Claims</u>

Post-*Strickland*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted. Under the AEDPA's more exacting standard of review, an application for a writ of habeas may be granted only by showing that the state court's adjudication of the claim was: (1) "contrary to, or involved an unreasonable application of" federal law clearly established by the Supreme Court; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d) (1996). Claims of ineffective assistance of counsel under the AEDPA are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of subsection (d)(1). *Huricks v. Taylor*, No. 08-51050, 2011 WL 857015, at * 3 (5th Cir. Mar. 11, 2011) (citing *Ladd v. Cockrell*, 311 F.3d 349, 357 (5th Cir. 2002) and *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000)). A case is contrary to clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

In the context of a *Strickland* claim on federal habeas review under the AEDPA, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable" and

---

350-51 (5th Cir. 2000) (quoting *Strickland,* 466 U.S. at 694 and *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999) (noting that *Strickland's* prejudice prong requires a showing that there is a reasonable probability that but for appellate counsel's omission, "the result of the proceeding would have been different" and explaining that a reasonable probability "is that which ...undermines confidence in the outcome.").

*not* whether the reviewing court itself believes counsel's performance violated *Strickland*'s standards. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). In other words, AEDPA does not permit a *de novo* review of state counsel's conduct under *Strickland*. *Id*. Instead, on federal habeas review of a claim fully adjudicated in state court, the state court's determination is granted, "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*. When deciding if the state court's decision involved an unreasonable application of clearly established federal law, the federal habeas court looks to whether the state court's decision was *objectively* unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520-21(2000) (other citations omitted). The state court's determination is upheld under this deferential standard "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.

### ANALYSIS

A.  *Ineffective Assistance of Appellate Counsel*

The parties do not dispute that Petitioner's appellate counsel's failure to file a merits appeal constituted deficient performance under *Strickland*. The Court agrees with the parties on this point. As to the prejudice prong, however, the Court finds, for the reasons that follow, that Petitioner has failed to demonstrate that but for his counsel's filing of an *Anders* brief in lieu of a brief on the merits, he would have prevailed on appeal. Petitioner claims that his appellate counsel should have, but failed to, raise numerous non-frivolous issues on appeal. For purposes of the instant Rule 59(e) motion, Petitioner argues that his appellate counsel should have appealed the sufficiency of the

evidence issue as well as the issue regarding the trial court's error in sustaining the prosecution's objection to his trial counsel's "clergyman" argument. His failure to do so and the Court's subsequent denial of his habeas petition on these grounds, he maintains, constituted a manifest error of law.

    i.    <u>Sufficiency of the Evidence</u>

When examining a sufficiency of the evidence challenge in section 2254 proceedings, the habeas court gives great deference to the state court's determination that the evidence supports a conviction. *See Miller v. Johnson*, 200 F.3d 274, 286 (5th Cir. 2000). Further, the habeas court must consider all of the evidence "in the light most favorable to the prosecution," and must merely determine if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

In this case, Petitioner has been convicted of violating TEX. PEN. CODE ANN. § 22.011(b)(10) (West 2007). In relevant part, the statute sets forth that an individual has committed sexual assault without consent of the other person if:

> . . . the actor is a clergyman who causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergyman in the clergyman's professional character as spiritual adviser.

TEX. PEN. CODE ANN. § 22.011(b)(10) (West 2007). Accordingly, to establish that the evidence presented at trial was legally and factually sufficient this Court must simply find that the actor (1) is a clergyman; (2) caused the other person to submit to sexual activity; and (3) that the clergyman

was acting as a spiritual advisor. *Hornbuckle v. Texas*, Nos. 2-06-316-CR, 2-06-317-CR, 2-06-318-CR, 2008 WL 2168007, at *4 (Or. A.G. May 22, 2008).

### a. Petitioner is a Clergyman

Petitioner claims that he is not a "clergyman" for purposes of the statute. Pet. 33. However, the trial record reflects that he is a clergyman. The facts present a number of indicators, including but not limited to Petitioner's founding of the church and pastoral counseling. Resp. to Pet. 15. In addition, Judge Toliver is also correct in her finding that Petitioner's conducting of marriage ceremonies under Family Code § 2.202 suggests that he is a clergyman. F&R 10.

### b. Petitioner Caused Submission to Sexual Activity

The trial court correctly found that Petitioner caused Christy Downey's to submit to the sexual activity. The record indicates that Petitioner does not dispute testimony that prior to all five sexual encounters, Petitioner initiated contact with Ms. Downey by calling her and then coming to her apartment. Trial Tr. vol. 5, 31-32. Further, this court agrees with the Magistrate Judge's finding that Petitioner manipulated Ms. Downey and that her participation in the sexual activity was caused by this manipulation. *See* F&R 16.

### c. Petitioner was Acting as a Spiritual Advisor

This Court agrees with the Magistrate Judge's finding that the testimony of Christy Downey in this case was sufficient to establish her emotional dependance on the Petitioner as a spiritual advisor for purposes of the statute. *See* F&R 16.

In sum, this Court finds that the evidence presented at trial was legally and factually sufficient to find the Petitioner guilty of sexual assault. The evidence is not only sufficient to prove each element of the indictment under § 22.011(b)(10) of the Texas Penal Code but also indicates that

a jury was rationally justified in finding the Petitioner guilty. Because there is sufficient evidence in the record to support a jury's finding that Petitioner was guilty of sexual assault, this Court finds that appellate counsel's failure to file a brief on the merits did not change the outcome of Petitioner's appeal.

    ii.    <u>Trial Court's Sustaining of State's Objection to Trial Counsel's "Clergyman" Argument</u>

Petitioner also urges that the state court's refusal to allow his trial counsel to argue that he was not a clergyman was erroneous and should have been raised on appeal by his appellate counsel. The Court disagrees. First, it does not appear that the trial court's ruling was erroneous given the record evidence addressed above and in detail in the F&R. Moreover, assuming *arguendo* the trial court's ruling was erroneous, Petitioner has wholly failed to establish that there is a reasonable probability that but for counsel's failure to raise this issue on appeal, the outcome of the appeal would have been different thereby undermining confidence in the outcome of his appeal.

B.    *State Court Habeas Proceedings*

As a final matter, Petitioner complains about the "unfair" manner in which the Texas Court of Criminal Appeals reviewed his case, maintaining that the CCA refused "to provide him even the pretense of a fair and adequate review of his state writ application." Pet'r's Mot. Am. 2. According to Petitioner, the following sequence of events occurred during Petitioner's state habeas proceedings:

> On November 4, 2008, Smith filed an Application for Writ of Habeas Corpus Under Code of Criminal Procedure, Art. 11.07. Subsequently, the State agreed with Smith that he had received ineffective assistance of counsel on appeal.1 On December 10, 2008, the State trial court entered agreed findings stating that Smith had received ineffective assistance of counsel on appeal. On March 25, 2009, the Court of Criminal Appeals entered an order directing the trial court to obtain additional information concerning ineffective assistance on appeal. On April 17, 2009, after

> having obtained the additional information, the trial court entered Supplemental Agreed Findings of Law, once again agreeing with the parties that Smith received ineffective assistance of counsel on appeal. On June 10, 2009, the Court of Criminal Appeals entered another order directing the trial court to address the argument concerning the ineffective assistance of counsel at trial. On February 10, 2010, without having received any further findings from the trial court, the Court of Criminal Appeals, over the dissent of Presiding Judge Keller, entered a short order stating the following:
>> "The trial court has recommended granting Applicant a new appellate proceeding based on his claim of ineffective assistance of appellate counsel. This Court remanded this application to obtain more information and responses from both trial and appellate counsel. We find that Applicant has not meet [sic] his burden to show that he received ineffective assistance of counsel at any stage of his proceedings. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1984). Based on this Court's independent review of the affidavits from counsel as well as the entire record, we deny relief." ...
>
> In this highly inscrutable order, the Texas Court of Criminal Appeals denied relief on Smith's 11.07 writ application.

*Id*. at 3-4. Petitioner argues that the CCA fails to offer "one word of explanation or justification" for rejecting the "unanimous opinion of the Distrct Attorney's Office, the state trial court and Smith himself" that Smith's appellate counsel was ineffective. *Id*. at 4. Respondent Thaler does not dispute that this sequence of events occurred during the state habeas process but maintains that the CCA's method of handling Petitioner's habeas application does not entitle him to relief under AEDPA's deferential standards. The Court agrees.

Petitioner's complaint about the fairness of the state court proceedings does not, standing alone, permit the Court to disregard the presumption of correctness to which they are entitled under the AEDPA. The *pre-*AEDPA statutory prerequisite that a "full, fair and adequate" hearing occur, before the state court findings were entitled to a presumption of correctness, was "jettisoned" by the 1996 enactment of AEDPA. *Valdez v. Cockrell*, 274 F3d 941, 950 (5th Cir. 2001). Even summary

- 10 -

rulings by state habeas court are not to be denied AEDPA deference. *Harrington v. Richter,* 131 S. Ct. 770, 784 ("There is no merit to the assertion that compliance should be excused when state courts issue summary rulings . . . ."). As the Supreme Court has recognized, AEDPA deference "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (collecting cases) (other citations omitted). Instead, the burden falls to the state habeas petitioner to show that there was no reasonable basis for the state court to deny relief. *Id.* Requiring more out of the state courts tasked with reviewing scores of these petitions regularly ignores the notion that "[o]pinion-writing practices in state courts are influenced by considerations other than avoiding scrutiny by collateral attack in federal court." *Id.* (other citations omitted).

Under AEDPA, then, the state court's determination that Petitioner was not denied effective assistance of counsel at the appellate level cannot be overturned unless Petitioner establishes that the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *Clark v. Thaler,* No. 07-70037, 2012 WL 688519, at *3 (5th Cir. Mar. 5, 2012). For all of the reasons set forth above, Petitioner has failed to satisfy this standard.

## IV.

## CONCLUSION

Petitioner has failed to demonstrate that the state court's application of *Strickland's* prejudice prong to his appellate counsel's conduct was unreasonable under AEDPA. *Smith,* 528 U.S. at 285. Consequently, he has failed to establish that this Court's ruling adopting the Magistrate Judge's

Findings & Recommendations as to his appellate counsel's conduct constituted a manifest error of law under Rule 59(e). For the foregoing reasons, Petitioner's Motion to Amend is **DENIED**.

    **SO ORDERED.**


    SIGNED April 19, 2012

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE
